SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**JESSICA KEEFER, MSB # 1412180261**
Assistant United States Attorney
Jessica.Keefer@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-00367-SI** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **EMMANUAL BRAVO,** | |
| **Defendant.** | |

**Introduction**

The defendant transported and was prepared to sell approximately 50 pounds of methamphetamine. The defendant had previously sold controlled substances on five separate occasions to the same buyer. The defendant should receive a sentence of 27 months' imprisonment as a minor participant.

/ / /

/ / /

/ / /

**Factual Background**

**A. The Offense Conduct**

The defendant arrived at a controlled buy with approximately 50 pounds of methamphetamine in his vehicle on September 5, 2024. The police were investigating a large-scale sale of methamphetamine and were made aware of the defendant through a confidential source. The confidential source stated that they believed the defendant would be delivering the drugs because the defendant had sold drugs to them on five separate prior occasions. With this information, law enforcement set up surveillance at the prearranged location, and the confidential source set up the buy.

When the defendant arrived for the drug transaction, officers stopped the defendant and searched his vehicle. Inside the vehicle there were two duffle bags, each containing multiple bundles with suspected methamphetamine that later field tested presumptive positive for methamphetamine. The gross weight from the two bags was approximately 50 pounds. Officers also located miscellaneous ammunition in the vehicle.



*Photographs of the two duffle bags with bundles of methamphetamine*

**B. The Charges**

Defendant was charged in a single count indictment with Possession with the Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

**C. The Plea Agreement & Guideline Computations**

Defendant agreed to plead guilty to the single count of Possession with the Intent to Distribute Methamphetamine.

The parties stipulated and agreed that defendant's relevant conduct pursuant to USSG § 2D1.1(a)(5)(c)(iii) was a Base Offense Level of 32 prior to adjustments. Plea Agreement ¶ 9. The parties also stipulated and agreed to the following adjustments:

| Adjustment | Government's Position |
|---|---|
| Mitigating Role (minor role) —<br>USSG § 3B1.2 | -2* (contested)<br>*Defendant reserves the right to argue the applicability of USSG § 3B1.2(a). |
| Zero-Point Offender —<br>USSG § 4C1.1 | -2 |
| "Safety Valve" – 18 U.S.C. § 3553(f) and<br>U.S.S.G. § 2D1.1(b)(18) | -2 |
| Acceptance of Responsibility—<br>USSG § 3E1.1 | -3 |

With those adjustments, the anticipated adjusted offense level as contemplated in the plea agreement was 25. Plea Agreement ¶ 9.

**Argument**

**A. Guideline Issues**

The government agrees that the Base Offense Level should be adjusted from 32 to 30. Pursuant to USSG §2D1.1(a)(5)(A) and (B)(i), because the defendant is receiving an adjustment

under USSG §3B1.2 (Mitigating Role), the base offense level of 32 should be decreased by two levels under subsection (c). *See* PSR ¶ 25.

The government, however, maintains that only a two-level reduction is appropriate under USSG §3B1.2 (Mitigating Role) for a "minor" role. The government, as noted in the plea agreement, stipulated and agreed to a two-level reduction under §3B1.2 as a "minor" participant, with the understanding that the defendant may argue for the application of subsection (a) – "minimal" participant. The Presentence Report (PSR) characterized the defendant's participation as "minimal" and gave a four-level reduction. The government does not agree[1] with that reduction and recommends the two-level reduction for "minor" under §3B1.2 as contemplated in the plea agreement.

Because the defendant is eligible for the safety valve, the government recommends, pursuant to the plea agreement, an additional three level variance pursuant to 18 U.S.C. 3553(a). The government's calculation of the resulting Total Offense Level is 18, which, for CHC I, results in a guideline range of 27 to 33 months.

Per the plea agreement, government also agreed to recommend a sentence at the low end of the resulting guidelines, to be followed by five (5) years of supervised release and a $100 special assessment. Plea Agreement ¶ 9.

**B. Government's Recommended Sentence**

Pursuant to 18 U.S.C. § 3553(a), the government asks the Court to impose a sentence of 27 months' imprisonment, to be followed by a five (5) year term of supervised release.

---

[1] The government did not timely file its objection but conferred with U.S. Probation Officer (USPO) Rasmussen prior to filing this sentencing memorandum about the objection. USPO Rasmussen preferred objection to be contained in the memorandum since the final PSR was already completed and filed.

The defendant was involved in transporting approximately 50 pounds of methamphetamine. Methamphetamine is an incredibly addictive, destructive, and deadly drug that has been catastrophic for the community. While there has been a recent focus on the dangers of fentanyl, methamphetamine is a drug that has long devastated Oregon, resulting in deaths, crime, and adverse impacts on the livability of the community, and continues to do so.

> Fentanyl and methamphetamine remain the primary threats, driving overdose deaths, impacting community livability, and contributing to drug related criminal activity. In 2025, fentanyl was involved in 68.7% of overdose deaths in Oregon and 38% in Idaho. Methamphetamine was present in 65.6% of Oregon overdose deaths and 38% in Idaho. Overdoses involving both drugs accounted for 44% of deaths in Oregon and 78% in Idaho.

Oregon-Idaho High Intensity Drug Trafficking Area (HIDTA) 2027 Threat Assessment at 5. Methamphetamine use is also frequently associated with other criminal activity, including property crimes. In Oregon and Idaho, methamphetamine "remains the most common drug involved in reported criminal cases." *Id.* at 17 (citing Oregon State Police – Uniform Crime Reporting Data – Accessed 2/24/26). Unsurprisingly, the information and analytical center of the Oregon-Idaho HIDTA "assesses that fentanyl and methamphetamine will remain the region's most serious drug threats in 2027." *Id.* at 5.

Based upon defendant's role as a "runner" within the larger drug trafficking organization the government believes he qualifies for a two-level minor role reduction only. The defendant was transporting and preparing to sell a large amount of methamphetamine. And this was not the first time, per the confidential source, that the defendant had sold – there were five prior transactions. The nature and extent of the defendant's participation, including the acts that he performed, and the responsibility and discretion he had in performing those acts show a role that may be less culpable than others, but that is not minimal. The defendant was the regular person delivering

methamphetamine from the unidentified source for these multiple buys, the last being approximately 50 pounds of methamphetamine. Ultimately, the defendant was an important piece of the organization and essential in putting drugs into the hands of the dealers who would turn around and sell it on the street. His role is that of a minor participant and he should only receive a two-level reduction under §3B1.2(b).

A sentence at the low end of the guidelines properly accounts for the defendant's minor courier role, the facts and circumstances of this case where approximately 50 pounds of methamphetamine were recovered, as well as the defendant's lack of known criminal history and long period of pretrial supervision with no violations. The sentencing reductions the defendant receives for his role, "safety valve," "Zero-Point Offender" status, and guilty plea are sufficient. The defendant should not receive any further reductions to his advisory sentencing guideline range.

Accordingly, after evaluating the competing sentencing factors outlined in 18 U.S.C. § 3553(a), which include the nature and circumstances of the offense; the defendant's characteristics; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence to promote respect for the law; the need for the sentence to afford adequate deterrence to criminal conduct; the need for the sentence to provide just punishment for the offense; the need to protect the public from further crimes of the defendant; and, the need to provide the defendant with needed training or other corrective treatment, the government recommends a sentence of 27 months' imprisonment, to be followed by a five (5) year term of supervised release, is reasonable.

/ / /

/ / /

/ / /

**Conclusion**

Based on the foregoing, the government recommends that this Court impose a sentence of 27 months, followed by a five (5) year term of supervised release, subject to the standard conditions.

Dated: August 26, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*<u>/s/ Jessica R. Keefer</u>*
JESSICA R. KEEFER, MSB #1412180261
Assistant United States Attorney